CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 SEP -1 PM 3:51
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID ROBERT SANDOVAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-117 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner DAVID ROBERT SANDOVAL filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction in Cause No. 4401 out of the 69th Judicial District Court of Moore County, Texas, for Burglary of a Habitation. For the reasons set out hereafter, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Procedural Background

On February 25, 2010, petitioner was convicted by a jury of burglary of a habitation and was sentenced to 90 years confinement, the maximum punishment having been enhanced by prior felony convictions. The court of appeals affirmed his conviction. *Sandoval v. State*, No. 07-10-00471-CR, 2011 WL 3273900 (Tex. App.— Eastland, 2010), and his petition for discretionary review was refused. PDR No. 1170-11. Petitioner then filed a state application for writ of habeas corpus, which was denied

without written order on February 6, 2013. He filed the current federal action on June 26, 2013.

## B. Evidence

On February 25, 2010, Coty Isbell discovered a television and laptop missing from his home located in Moore County. He reported the crime and was able to give specific information about both items, including the serial numbers. The police found no physical evidence at Mr. Isbell's home. Two days later, Deputy Rusty Smith received a call from a fellow officer alerting him there might be a trespasser on Deputy Smith's property, also located in Moore County. Upon arriving at his residence to investigate, Deputy Smith noticed a vehicle stuck in the driveway with two individuals standing beside it. Deputy Smith recognized petitioner due to his criminal history and Deputy Smith was able to determine that the other individual was Paula Mares. Ms. Mares, the alleged owner of the vehicle, consented to Deputy Smith searching the vehicle. Deputy Smith searched the vehicle, and during the search, another officer discovered there were warrants out for petitioner's arrest. According to Deputy Smith, he arrested both petitioner and Ms. Mares for criminal trespass. Incident to the arrest, the police searched the trunk of the vehicle and a laptop was found with a serial number matching the computer taken from Coty Isbell's home.

Petitioner was indicted for burglary of a habitation, enhanced by three prior felony convictions. Petitioner filed a pretrial motion to suppress the laptop, arguing it was the fruit of an illegal search of the vehicle. A hearing was held on the motion to suppress, with Deputy Smith being the only testifying witness. The trial court denied the motion to suppress.

At trial, Ms. Mares testified, and the evidence admitted through her included two letters written by petitioner while he was in jail awaiting trial. In those letters, petitioner asked Ms. Mares to tell the police she had bought the laptop from a Somalian and to find an alibi witness who would say petitioner

was with them the morning of February 25, when Mr. Isbell's home was burglarized. Petitioner objected to the admission of these letters claiming they were more prejudicial than probative but the court overruled the objection and admitted the letters into evidence.

After petitioner was convicted, the jury returned a verdict finding enhancement counts I and II true and assessed a sentence of 90 years.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied of the right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

2. Petitioner was denied effective assistance of trial counsel because trial counsel:

    a. failed to investigate or interview potential witnesses;

    b. failed to object to the introduction of the police car video, extraneous offense evidence, and hearsay concerning a computer password;

    c. opened the door to inadmissible evidence;

    d. failed to cross-examine Ms. Mares with her motive for testifying and failed to challenge the witness's testimony or credibility; and

    e. failed to request a limiting instruction on extraneous offense evidence and accomplice witness testimony during the guilt/innocence phase; and

    f. these deficient performances were cumulative error.

## III.
## STANDARD OF REVIEW

A. Federal Habeas Corpus Relief - 28 U.S.C. § 2254(d)

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas

corpus relief in federal court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to or involved an unreasonable application of clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated on the merits the claims petitioner presents in his federal habeas corpus petition when it denied petitioner's application for state habeas relief without a written order, with the exception of the ineffective assistance of counsel claims, as discussed in a later section of this Recommendation. *Ex parte Stauder*, No. WR-60,527-03; *see Harrington v. Richter*, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).

Petitioner has failed to meet this burden. Further, review of petitioner's claims confirms this petition should be denied.

B. <u>Exhaustion of Claims in State Court</u>

Section 2254(b) states "a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by a petition for discretionary review in the course of a direct appeal or through a post-conviction writ application under Tex. Code Crim. Proc. art. 11.07. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). The

claim must be presented in state court in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

If a petitioner has not presented a claim to the state court, the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996). Although normally a state court must explicitly apply a procedural bar in order for review to be barred in federal court, that rule

> [d]oes not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims. *See Harris v. Reed*, 489 U.S. 255, 269-270 ... (1989) (O'Connor, J., concurring); *Teague v. Lane*, 489 U.S. 288, 297-298 ... (1989).

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

The Fifth Circuit has consistently found unexhausted claims, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, are procedurally barred. *See, e.g., Ogan v. Cockrell*, 297 F.3d 349, 358 n.6 (5th Cir. 2002); *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001); *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998) (Texas abuse-of-the-writ doctrine is regularly and strictly applied); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (dismissal is independent and adequate state bar). However, the federal court may deny a claim on the merits, even if the claim is unexhausted. See 28 U.S.C. § 2254(b)(2); *Reed v. Stephens*, 739 F.3d 753, 780 (5th Cir. 2014).

### C. Ineffective Assistance of Trial Counsel

The proper standard for reviewing a claim of ineffective assistance of counsel is found in

*Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the two-pronged *Strickland* standard, petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *see also Cullen v. Pinholster*, 131 S. Ct. at 1403.

Additionally, petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466

U.S. at 697. When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* 134 S. Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

## IV.
## MERITS OF PETITIONER'S CLAIMS

### *A. Search and Seizue of the Laptop*

Petitioner claims he was deprived of the right to be free from unreasonable search and seizures in violation of the Fourth and Fourteenth Amendment. Specifically, he asserts that the trial court erred in denying the pretrial motion to suppress the laptop that was discovered in Ms. Mares's car and identified by serial number as an item stolen during a reported burglary. Petitioner argues the consent Ms. Mares gave was invalid because they were under detention and restraint and had not been given their Miranda rights. He also asserts that under *Brendlin v. California,* 551 U.S. 249, 127 S. Ct 2400, 168 L. Ed. 2d 132 (2007), it is illogical that a passenger does not have a right to privacy in a vehicle, while a driver does.

The Government argues the Fourth Amendment claim is barred from review. When a state has provided a opportunity for a defendant to fully and fairly litigate his or her Fourth Amendment claim, federal habeas corpus relief may not be granted. *Stone v. Powell,* 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L.Ed. 2d 1067 (1976). The Government asserts that not only did petitioner have an opportunity to assert his claim, but that he did in fact use that opportunity.

The Fifth Circuit has interpreted the phrase "an opportunity for full and fair litigation" to mean simply "an opportunity." *Janeka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v.*

*Alabama*, 577 F. 2d 1188, 1192 (5th Cir. 1978)). The court said, "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.* The fact that a petitioner may disagree with the trial court's ruling or the court of appeals holding regarding his or her Fourth Amendment claim does not overcome the *Stone* bar. *Id.*

Not only did petitioner have an opportunity for full and fair litigation of his rights under the Fourth Amendment, but petitioner utilized the procedure for raising such claims. Petitioner's trial counsel not only filed a motion to suppress, but a hearing was held and the motion was denied. The Court of Appeals also reviewed his Fourth Amendment claim and found it to be without merit. The court stated that petitioner did not have standing to challenge the search. In petitioner's reply, he argues that *Stone* should not bar his Fourth Amendment claim from being reviewed because he had ineffective assistance of counsel, which prevented him from being able to litigate his Fourth Amendment claim. In petitioner's state application for habeas relief, Petitioner presented an ineffective assistance of counsel claim based on a failure to suppress the laptop, which was considered and denied without written order. Petitioner has presented his Fourth Amendment claims through every level of the state's provided process, and it has been considered and rejected. Petitioner has failed to show he was unable to fully and fairly litigate his Fourth Amendment claim. Defendant's Fourth Amendment claim is barred from federal habeas review.

### 2. *Ineffective assistance of trial counsel*

Petitioner did not raise the federal claims of ineffective assistance of counsel raised here on state appeal or in his state habeas corpus application, although petitioner did raise other ineffective assistance of counsel claims in his state habeas corpus application. The alleged deficient performance raised in the

state court habeas application consisted of an alleged failure to move to suppress a computer and an alleged failure to move to dismiss the indictment, both on the basis of an illegal search and seizure. Consequently, petitioner's federal claims of ineffective assistance of counsel, presented in the second ground of his federal habeas corpus petition, are unexhausted because they were not raised in state court.

The parties agree that petitioner's ineffective assistance of counsel claims are now procedurally barred, but the analysis does not end there. A limited exception to a procedural bar such as this was created under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and extended to Texas under *Trevino v. Thaler*, 569 U.S. 1911, 133 S. Ct. 1911, 185 L. Ed. 2d 1044(2013). *Martinez* and *Trevino* provide that the lack of counsel or ineffective assistance of counsel during a state habeas proceeding can excuse a procedural default with regard to substantial claims of ineffective assistance of trial counsel. *Id.*

Petitioner's ineffective assistance of counsel claims are not "substantial" as required by *Martinez* and *Trevino*, and therefore are procedurally barred. Even if they were not barred, they do not satisfy the *Strickland* standard and should be denied for the reasons discussed below.

Petitioner claims that trial counsel was ineffective because he:

    a.    **failed to investigate or interview potential witnesses;**

Petitioner contends trial counsel did not sufficiently investigate or interview petitioner's sisters, Paula Mares and Lisa Valles, and has submitted affidavits from each sister that primarily allege coercive and forceful behavior by the prosecution and police in obtaining Ms. Mares's testimony. In petitioner's Response to the Court's Order to Respond, petitioner also asserts that an affidavit by Johnny Martinez, the significant other of Paula Mares, supports this claim. Mr. Martinez's affidavit was not included or referenced in the Petition for a Writ of Habeas Corpus by a Person in State Custody nor in any additional motions or briefing until six-months after the case was filed when it was included in Petitioner's

Supplemental Affidavit in Support of Habeas Corpus Petition. The affidavit was submitted after the response to the petition was filed and was done without leave of the Court.

At trial, the prosecution elicited testimony from Ms. Mares that she was testifying in exchange for immunity from prosecution. Any additional evidence that she was an unwilling witness would have been cumulative. Further, Ms. Mares and Ms. Valles had, at best, questionable credibility in the proceedings. Ms. Mares admitted telling the police different versions of what happened on the day in question. She admitted petitioner wrote her a letter telling her to make a false statement to the police, which she went along with by making false statements to the district attorney based on petitioner's letter.

Ms. Valles testified for the defense that petitioner was with her the day of the crime but never provided documentation supporting such. In addition to the admission into evidence of the letter in which petitioner requested Ms. Mares invent a story to tell the police, there was also testimony from petitioner's wife that he wrote her and asked her to get her grandparents to provide an alibi for him. Considering the multiple attempts to get multiple individuals to provide an alibi, Ms. Valles's testimony, providing an alibi, was questionable and the jury apparently did not find it credible. Accordingly, testimony from her that the prosecution and police were allegedly coercing Ms. Mares to testify through forceful and unethical actions would be unlikely to have been found credible by the jury. Additionally, Ms. Valles stated in her affidavit that she spoke with petitioner's trial counsel about the alleged actions of the prosecution and police. Trial counsel had the information and made a strategic decision to not elicit testimony from the sisters regarding this information. The affidavits offer no information that would have changed the outcome of the trial. Trial counsel's actions were neither deficient nor prejudicial.

b. **failed to object to the introduction of the police car video, extraneous offense evidence, and hearsay concerning a computer password;**

Petitioner claims trial counsel was ineffective in failing to object to the introduction of the police-car video, extraneous offense evidence, and hearsay evidence. Defense counsel, however, filed a motion to suppress the police-car video, and the motion was denied. Petitioner's ineffective assistance claim on that basis is meritless.

Petitioner next claims trial counsel should have objected to extraneous offense evidence when a witness referred to several burglaries in the area. There was no testimony that petitioner had committed those burglaries, and it is not extraneous offense evidence. Even if the officer's testimony was to be considered extraneous offense evidence, petitioner has failed to show it affected the outcome of the trial. Accordingly, no prejudice has been shown.

Last, petitioner claims trial counsel erred by not entering a hearsay objection to an officer's testimony that he was told the computer password was "Ice Man." Counsel may have chosen not to object to this because the question could simply have been reworded and the password that was effective would still have been disclosed in the testimony, or the prosecution could have cured the hearsay objection. Whatever trial counsel's reasoning for not lodging a hearsay objection to this testimony, this was within trial counsel's judgment and does not indicate a deficiency in performance. Further, no prejudice to petitioner has been shown.

These claims are not substantial, and *Trevino* is not applicable. No relief should be granted.

c. **opened the door to otherwise inadmissible evidence and bolstered the State's case during closing arguments;**

Petitioner claims trial counsel opened the door to statements by petitioner and Ms. Mares that were conflicting as to why they were stuck on the officer's driveway. He also claims trial counsel erred

by stating in closing arguments that there was nothing putting petitioner in the house "except that they saw him driving towards that house."

Regarding the conflicting statements, the video containing those statements had already been admitted into evidence at the point petitioner claims trial counsel erred. This claim of ineffective assistance lacks merit.

The statement made during closing arguments, also fails to rise to the level of a substantial claim of ineffective assistance of counsel. The statement in question had been made in the testimony at trial, and trial counsel was within his discretion to use that testimony in his closing argument to try to indicate a lack of meaningful evidence against his client. Not only was this a reasonable strategy for trial counsel, but there is no evidence or reason to conclude that the jury's decision to convict resulted from this simple statement during closing arguments.

> d. **failed to cross-examine Ms. Mares with her motive for testifying and failed to challenge the witnesses testimony or credibility; and**

This claim appears to relate to petitioner's first point. As discussed above, Ms. Mares, in her testimony, included her acknowledgment she was testifying pursuant to an immunity agreement, thus making the jury aware of her motives for testifying. The jury had evidence before it to assess Ms. Mares's credibility, including that she had made conflicting statements to the police, had told the prosecution a different version of events after receiving petitioner's letter asking her to create a story, and was only testifying pursuant to an immunity agreement. Petitioner has not shown trial counsel was deficient or that his performance in this regard caused petitioner any prejudice. This claim of ineffective assistance of counsel is not substantial.

    e.    **failed to request a limiting instruction on extraneous offense evidence and accomplice witness testimony during the guilt/innocence phase;**

Petitioner claims trial counsel was ineffective in not requesting an extraneous offence instruction or an accomplice witness instruction. No extraneous offense evidence was admitted during the trial, and no instruction was necessary.

The Texas Code of Criminal Procedure provides that "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Texas Code of Crim. Proc., Art. 38.14. The trial court should instruct the jury on the accomplice-witness rule, when the prosecution uses an accomplice witness. *Herron v. State*, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002). The omission of such is subject to a harmless-error analysis. *Id.* at 633.

Whether trial counsel made a decision not to seek or simply failed to seek an accomplice-witness instruction, it did not result in prejudice to petitioner because Ms. Mares's testimony was corroborated by other evidence, including but not limited to, the letters petitioner wrote asking Ms. Mares to make false statements to the police, petitioner's wife's testimony that petitioner asked her to get her grandparents to provide an alibi and her testimony that petitioner came home with a television and laptop on the day of the burlary, another witness's testimony that petitioner sold him the television and attempted to sell him the laptop that was ultimately shown to be the television and laptop removed during the burglary, and most significantly, that petitioner was in possession of the stolen laptop when he was arrested. Due to the amount of corroborating evidence, an accomplice-witness instruction would not have changed the outcome of petitioner's trial.

Accordingly, trial counsel's performance, even if deficient, did not prejudice petitioner.

  f.  **these deficient performances were cumulative error.**

Petitioner has not made any substantial claims of ineffective assistance of counsel, and there was no cumulative error.

## V.
## RECOMMENDATION

Petitioner has failed to present any cognizable or meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DAVID ROBERT SANDOVAL, be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _1st_ day of September 2016.

          CLINTON E. AVERITTE
          UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

  Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).